**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **OM NAMA AYAPPA LLC D/B/A TRU BY HILTON** | § § § § § § | |
| *Plaintiff,* | § | |
| **V.** | § § | **CIVIL ACTION NO.:  1:24-cv-01207** |
| **ACCELERANT SPECIALTY INSURANCE COMPANY** | § § § § | |
| *Defendant.* | § § | |

## DEFENDANT ACCELERANT SPECIALTY INSURANCE COMPANY'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Accelerant Specialty Insurance Company ("Accelerant"), files this Notice of Removal and in support thereof, respectfully shows the Court as follows:

### I.    STATEMENT OF THE CASE

1.    This lawsuit arises from an insurance claim made by Om Nama Ayappa LLC ("Plaintiff") for insurance proceeds under insurance policy number HRM105550-2, which Accelerant issued to Plaintiff, effective December 19, 2022, to December 19, 2023, subject to all terms, definitions, exclusions, and conditions therein and all endorsements attached thereto.

2.    Plaintiff's underlying insurance claim alleged hail and wind damage to Plaintiff's commercial property located in Round Rock, Texas. Plaintiff made its claim to Accelerant on October 11, 2023, and the claim was opened as claim number ACHR2310022 ("Claim"). Accelerant investigated the claim and issued payment of the full amount of the Policy's Cosmetic

and Atmospheric Damage sub-limits; the damage not within these sub-limits fell below the Policy's wind/hail deductible of $148,800.

3.      Subsequently, Plaintiff filed suit against Accelerant, generally alleging Accelerant improperly investigated the claim, engaged in unfair claim practices, and wrongfully denied the claim.

## II.   PROCEDURAL BACKGROUND

4.      On August 15, 2024, Plaintiff filed its Original Petition and initiated a civil action against Accelerant in the 395th Judicial District Court of Williamson County, Texas, styled *Om Nama Ayappa LLC d/b/a Tru By Hilton v. Accelerant Specialty Insurance Company*, Cause No. 24-1727-C395 ("State Court Action"). **Ex. A**, Pl.'s Original Pet.

5.      On or about September 10, 2024, Accelerant was effectively served with a copy of the Citation and Plaintiff's Original Petition. **Ex. B**, Citation. Accelerant filed its answer in the State Court Action on October 8, 2024. *See* **Ex. C**, Accelerant's Original Ans.

6.      Accelerant now timely files this Notice of Removal within the thirty-day timeframe for removal under 28 U.S.C. § 1446(b).

7.      Accelerant's Notice of Removal is timely because Accelerant now files within one year after commencement of the State Court Action, in compliance with 28 U.S.C. § 1446(c)(1).

8.      Plaintiff named only Accelerant as Defendant in the State Court Action and Accelerant consents to removal. *See Getty Oil Corp., a Div. of Texaco, Inc. v. Ins. Co. of N. Am.*, 841 F.2d 1254 (5th Cir. 1998). Plaintiff has not joined or served any other party herein; thus, only Accelerant must consent to this removal pursuant to 28 U.S.C. § 1446(b)(2)(A).

9.      Under 28 U.S.C. § 1441(a), venue is proper in the United States District Court for the Western District of Texas, Austin Division because the 395th Judicial District Court of

Williamson County is located within the San Antonio Division of the Western District of Texas. *See* OFFICE LOCATIONS – U.S. DISTRICT COURT, *https://www.txwd.uscourts.gov/court-information/office-locations/#Austin* (last visited October 7, 2024). Therefore, this Court is the district and division within which the State Court Action is pending. *See* 28 U.S.C. § 1446(a).

### III.   ARGUMENT AND AUTHORITIES

10.    Accelerant's removal of the State Court Action is proper on the basis of diversity of citizenship jurisdiction. Under 28 U.S.C. § 1332(a)(2), diversity jurisdiction over a civil action exists in a federal district court when the amount in controversy exceeds $75,000, exclusive of interest and costs, and when none of the parties in interest properly joined and served as defendants are citizens of the same state as plaintiff. 28 U.S.C. § 1332(a)(2). Here, both requirements for subject matter jurisdiction based on diversity of citizenship are met in this case.

### A.    The Parties are Completely Diverse.

11.    Complete diversity of citizenship exists between Plaintiff and Defendant because Plaintiff is a citizen of Texas and Defendant is a citizen of both Arkansas and Georgia. Plaintiff's petition avers that Plaintiff is a limited liability company in its caption and introductory paragraph. *See* **Ex. A**, Pl.'s Original Pet., at p. 1. The citizenship of unincorporated entities such as limited liability companies "is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

12.    Plaintiff's available public filings indicate that Plaintiff has only one member, Rajesh Balakrishnan. *See* **Ex. D**, Pl.'s Certificate of Formation, at pp. 1–2; **Ex. E**, Tex. SOS Search Results; **Ex. F**, Pl.'s 2022 Franchise Tax Report; **Ex. G**, Pl.'s 2023 Franchise Tax Report; *see also* TEX. BUS. & ORG. CODE §§ 1.002(51), 1.002(53).

13.     After review of all Plaintiff's publicly available filings, upon information and belief, upon information and belief, Plaintiff's sole member does not share citizenship with Accelerant. *See Henderson Apartments Tenant, LP v. Travelers Excess & Surplus Lines Co.*, No. 1:23-CV-00195-JRN, 2023 WL 5983889, at *3 (W.D. Tex. Sept. 14, 2023) (Howell, M.J.), *R. & R. adopted*, 2024 WL 150769 (Jan. 12, 2024) (Nowlin, J.) ("[W]hen a [party] has consulted all publicly available sources and determined that no member of the association is likely a citizen of the same state as the [removing party], he or she may affirmatively state the citizenship of an LLC on information and belief."); *accord Volentine v. Bechtel, Inc.*, 209 F.3d 719, 2000 WL 284022, at *2 (5th Cir. 2000) (unpublished table decision), *cert. denied,* 531 U.S. 813 (2000) ("[U]nrebutted allegations of citizenship in a removal petition based on information and belief is sufficient to satisfy the removal statute. . . .").

14.     Plaintiff's sole member, Balakrishnan, is an individual, and an individual is a citizen of the state in which the individual is domiciled. *See Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996). An individual is domiciled in the state in which he resides with the intent to remain indefinitely. *State of Tex. v. State of Fla.*, 306 U.S. 398, 424–25 (1939). An individual may have only one domicile, which is presumed to continue until the individual is physically present in a different state with the intent to remain indefinitely. *See Coury*, 85 F.3d at 250; *Stine v. Moore*, 213 F.2d 446, 447–48 (5th Cir. 1954).

15.     Based on all public information, Plaintiff's sole member is a resident of Leander, Texas, which is located in Williamson County. *See* **Ex. D**, Pl.'s Certificate of Formation, at pp. 1–2; **Ex. E**, Tex. SOS Search Results; **Ex. G**, Pl.'s 2023 Franchise Tax Report. Because Plaintiff's sole member is a domiciliary and citizen of the State of Texas, and Plaintiff shares citizenship with its members, Plaintiff is a citizen of Texas for purposes of diversity jurisdiction.

16.     Accelerant is a corporation, and a corporation is a citizen of every state under the laws of which it is incorporated and of the state in which it has its principal place of business. *Hertz Corp. v. Friend*, 559 U.S. 77, 80–81 (2010). Accelerant is now, was at the time this suit was filed, and was at all times intervening, a corporation organized under the laws of the State of Arkansas and has its principal place of business in the State of Georgia. Accelerant's principal place of business is 400 Northridge Road, Suite 800, Sandy Springs, Georgia 30350, at which place its high-level officers direct, control, and coordinate Accelerant's activities. Therefore, Accelerant is a dual citizen of both the State of Arkansas and Georgia and is not a citizen of Texas.

17.     Accordingly, the Parties are completely diverse because Plaintiff is a citizen of Texas and Defendant is a citizen of Arkansas and Georgia for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(a)(2).

**B.      The Amount in Controversy Exceeds $75,000.00.**

18.     The amount in controversy in this action exceeds $75,000, exclusive of interest and costs. *See* **Ex. A**, Pl.'s Original Pet., ¶ 84. Accelerant, as the party seeking to invoke federal jurisdiction, must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *Grant v. Chevron Phillips Chem. Co., L.P.*, 309 F.3d 864, 868 (5th Cir. 2002). Accelerant satisfies this burden by either (1) demonstrating it is "facially apparent" from the petition that the claim likely exceeds $75,000.00; or, (2) "by setting forth the facts in controversy– preferably in the removal petition, but sometimes by affidavit–that support a finding of the requisite amount." *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). If a defendant can produce evidence establishing the actual amount in controversy exceeds the jurisdictional threshold, a plaintiff must show, to a legal certainty, it will not be able to recover more than the

jurisdictional threshold. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995), *cert. denied*, 516 U.S. 865 (1995).

19.     The amount in controversy under 28 U.S.C. § 1332(a) is determined by reference to plaintiff's pleadings. *Id.* at 1408. The damages the plaintiff claims in the petition, if apparently claimed in good faith, are controlling. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938). Attorneys' fees are included in the amount in controversy where a statute under which the plaintiff sues authorizes recovery thereof. *H&D Tire & Auto. Hardware, Inc. v. Pitney Bowes, Inc.*, 227 F.3d 326, 330 (5th Cir. 2000), *cert. denied*, 534 U.S. 894 (2001).

20.     When the State in which the plaintiff filed the original action does not permit the plaintiff's pleadings to state a demand for a specific sum, then the "defendant's [plausible] amount-in-controversy allegation should be accepted when not contested." *Durbois v. Deustch Bank Nat'l T. Co. as T. of Holders of AAMES Mortg. Inv. T.*, 37 F.4th 1053, 1056 (5th Cir. 2022) (citing *Dark Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014)); *see also Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 773 (5th Cir. 2003) (removing defendant need only establish it is "'facially apparent' that the claims could probably exceed $75,000 or [establish] the facts in controversy in the removal petition. . . .").

21.     Plaintiff's Original Petition does not state a specific monetary demand, and the Texas Rules of Civil Procedure do not allow a petition to state a specific monetary demand. *See* TEX. R. CIV. P. 47. Rather, Plaintiff claims to seek "monetary relief over $1,000,000," in addition to attorney's fees and pre- and post-judgment interest. **Ex. A**, Pl.'s Original Pet., ¶¶ 84, 88, prayer. Plaintiff additionally seeks treble damages and attorney's fees. *Id.* ¶¶ 86–88. Accounting for the claim of more than $1,000,000, in addition to Plaintiff's claim for treble (3x) damages, the amount in controversy is no less than $3,000,000, exclusive of interest and costs. Thus, it is facially

apparent the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See St. Paul Reinsurance Co., v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *e.g., Singleton v. Liberty Cnty. Mut. Ins. Co.*, No. 3:19-CV-0330-B, 2019 WL 2123549, at *1 (N.D. Tex. 2019) (considering a "request for treble damages, attorney's fees, [and] interest" in determining the amount in controversy). As a result, the amount-in-controversy requirement is satisfied.

22.     Thus, because the Parties are completely diverse and the amount-in-controversy requirement is satisfied, this Court has diversity jurisdiction over this action.

### IV.     INFORMATION FOR THE CLERK

23.     Pursuant to Local Rule CV-3(a), Defendant attaches to this Notice of Removal a completed Civil Cover Sheet (Form JS 44) as **Exhibit H** and Supplemental Cover Sheet as **Exhibit I**.

24.     In compliance with 28 U.S.C. § 1446(a), Defendant also attaches to this Notice of Removal all executed process in the State Court Action and all pleadings filed in the State Court Action. The court in which the State Court Action is pending has not issued any Orders.

25.     Defendant will file a separately signed Disclosure Statement and Certificate of Interested Parties which complies with FED. R. CIV. P. 7.1.

26.     Defendant will promptly notify the 395th Judicial District Court of Williamson County, Texas of its Removal of the State Court Action to this Federal Court.

### V.     JURY DEMAND

27.     Defendant requests a trial by jury in this Federal Court on all triable issues of fact.

### VI.     CONCLUSION

28.     This is a civil action of which this Court would have had original jurisdiction under 28 U.S.C. § 1332(a) had Plaintiff chosen to file this action in this Court. Therefore, removal of this

civil action to this Court is proper under 28 U.S.C. § 1441(a) because it is an action between citizens of different States, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

<u>**PRAYER**</u>

WHEREFORE, Accelerant Specialty Insurance Company respectfully removes the above-entitled action from the 395th Judicial District Court of Williamson County, Texas, to the United States District Court for the Western District of Texas, Austin Division.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY:   */s/ Clinton J. Wolbert*
Clinton J. Wolbert
State Bar No. 24103020
910 Louisiana Street, Suite 4300
Houston, Texas 77002
Telephone: 713 626 1386
Facsimile: 713 626 1388
clinton.wolbert@phelps.com

William R. de los Santos
State Bar No. 24125762
2102 E. State Hwy 114, Suite 207
Southlake, Texas 76092
Telephone: 817-488-3134
Facsimile: 817-488-3214
william.delossantos@phelps.com

**ATTORNEYS      FOR      DEFENDANT ACCELERANT  SPECIALTY  INSURANCE COMPANY**

## <u>CERTIFICATE OF SERVICE</u>

      I hereby certify that a true and correct copy of this document has been served this 8th day of October 2024 to the following counsel of record in accordance with the Federal Rules of Civil Procedure:

|  |  |
|---|---|
| William A. Kendall | *Via ECF/Email: wkendall@grishamkendall.com* |
| Robert N. Grisham II | *Via ECF/Email: robert@grishamkendall.com* |

**GRISHAM & KENDALL, PLLC**
5910 N. Central Expressway
Premier Place – Suite 925
Dallas, Texas 75206
Telephone:     (214) 308-2027
Facsimile:     (214) 308-2036
*Attorneys for Plaintiff*

          /s/ *Clinton J. Wolbert*
          Clinton J. Wolbert